Rory C. Leisinger, Esq. (SBN: 277476)
Leisinger Law, LLP
118 N. Citrus Ave, Suite B
Covina, CA 91723
Tel: 626-290-2868
Rory@leisingerlaw.com
Attorney for Plaintiff,
Thuy Nguyen

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUY NGUYEN,<br><br>    Plaintiff,<br><br>  vs.<br><br>SEQUOIA FINANCIAL SERVICES<br><br>    Defendant. | Case No.: 2:17-cv-00039-PJW<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT |

Plaintiff, Thuy Nguyen, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, hereby sues Defendant, Sequoia Financial Services (hereinafter "Defendant"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this district under 28 U.S.C §1391(b) because Plaintiff resides in the jurisdiction and because the transactions, acts, practices, and courses of conduct constituting violations of federal consumer financial law occurred within this District.

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in the City of Glendale, California and is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

5. Defendant is a corporation in the business of collecting on consumer debts due and owing to another that does business in the State of California with its office address as 28632 Roadside Drive, Suite 110, Agoura Hills, California 91301 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL STATEMENT

6. The City of Glendale Utilities hired Defendant to collect on an alleged debt due and owing from Plaintiff.

7. The principal amount alleged to be owed was $861.33 with accrued interest of $13.21.

8. On June 21, 2016, Defendant sent Plaintiff an initial collection letter to collect on the alleged debt owed to the City of Glendale Utilities.

9. The collection letter is attached hereto as Exhibit "A."

10. Defendant's letter sought to recover an alleged balance of $1,089.87 encompassing the principal amount of $861.33, accrued interest of $13.21, and a "city statutory fee" of $215.33.

11. The city statutory fee of $215.33 amounts to twenty-five percent of the total principal balance.

12. According to the City of Glendale Citywide Fee Schedule, for residents who owe the City of Glendale money on accounts that are referred into collection, the resident owes the city the actual cost of collection.

13. The cover page and the page setting forth a resident's responsibility for accounts placed with collection agencies of the City of Glendale Citywide Fee Schedule are attached hereto as Exhibit "B."

14. The city statutory fee of $215.33 is a flat percentage collection fee placed on the account and not a reflection of actual collection costs incurred by Defendant.

15. Plaintiff's agreement with the City of Glendale does not contain a provision authorizing Defendant to place a twenty-five percent collection fee on any account referred it to by the City of Glendale.

16. Plaintiff did not authorize a flat twenty-five percent collection fee to be assessed by a collection agency, but instead only agreed to responsible for actual collection agency costs.

17. Because Plaintiff did not agree to be responsible for a flat twenty-five percent collection fee, this fee violates the FDCPA.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

18. Plaintiff repeats the allegations contained in paragraphs 1 through 17 and incorporates them as if specifically set forth at length herein.

19. Defendant is attempting to collect a twenty-five percent collection fee in addition to the principal amount alleged to be due and owing by Plaintiff.

20. The percentage collection fee is not authorized by the underlying agreement creating the debt or permitted by state law.

21. Defendant's actions of attempting to collect a collection fee in absence of expressed authorization to do so in the original agreement creating the alleged debt or under state law is a violation of 15 U.S.C. § 1692f(1).

22. Plaintiff has been damaged by Defendant's actions.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

23. Plaintiff repeats the allegations contained in paragraphs 1 through 22 and incorporates them as if specifically set forth at length herein.

24. Defendant sent Plaintiff a letter on June 21, 2016 which included a city statutory fee of $215.33 that was not authorized by the original agreement creating the alleged debt.

25. Defendant's June 21, 2016 letter is a violation of 15 U.S.C. § 1692e(2) which prohibits false and misleading representations as to the character, amount, or legal status of a debt.

26. Plaintiff has been damaged by Defendant's actions.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

27. Plaintiff repeats the allegations contained in paragraphs 1 through 26 and incorporates them as if specifically set forth at length herein.

28. Defendant sent Plaintiff a letter on June 21, 2016 which included a city statutory fee of $215.33 that was not authorized by the original agreement creating the alleged debt.

29. Defendant's June 21, 2016 letter is a violation of 15 U.S.C. § 1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

30. Plaintiff has been damaged by Defendant's actions.

### COUNT IV
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CALIFORNIA CIVIL CODE § 1788.13(e)

31. Plaintiff repeats the allegations contained in paragraphs 1 through 30 and incorporates them as if specifically set forth at length herein.

32. Defendant sent Plaintiff a letter on June 21, 2016 which included a city statutory fee of $215.33 that was not authorized by the original agreement creating the alleged debt.

33. Defendant's actions is a violation of California Civil Code § 1788.13(e) which prohibits the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation.

## COUNT V
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CALIFORNIA CIVIL CODE § 1788.17

34. Plaintiff repeats the allegations contained in paragraphs 1 through 33 and incorporates them as if specifically set forth at length herein.

35. Defendant's inclusion of an unauthorized city statutory fee in its June 21, 2016 collection letter violates the FDCPA.

36. By violating the FDCPA, Defendant violated California Civil Code 1788.17 which requires every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

## **TRIAL BY JURY**

37. Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against the Defendants, and on behalf of the Plaintiff, for the following:

a. That judgment be entered in favor of Plaintiff Thuy Nguyen declaring the Defendants' actions, as described above, in violation of the FDCPA;

b. That judgment be entered in favor of Plaintiff Thuy Nguyen against Defendants for actual damages for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1);

c. That judgment be entered in favor of Plaintiff Thuy Nguyen against Defendants for statutory damages of $1,000 for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2);

d. That the Court award attorneys' fees and costs to Plaintiff Thuy Nguyen pursuant to 15 U.S.C. § 1692k(3) and California Civil Code § 1788.30(c);

e. That judgment be entered in favor of Plaintiff Thuy Nguyen against Defendants for a violation of the Rosenthal Fair Debt Collection Practices Act;

f. That the Court award statutory damages to Plaintiff Thuy Nguyen for the Rosenthal Fair Debt Collection Practices Act violations in accordance with § 1788.30(b) of the California Civil Code;

g. That the Court grant such other and further relief as may be just and proper.

Dated: February 2, 2017                    RESPECTFULLY SUBMITTED,

                                           By: *Rory Leisinger*
                                           Rory Leisinger, Esq.
                                           118 N. Citrus Ave, Suite B
                                           Covina , CA 91723
                                           Tel: 626-290-2868
                                           Rory@leisingerlaw.com
                                           Attorney for Plaintiff,
                                           Thuy Nguyen